Judge Underwood
delivered-the o -inion of the. Court.
Frazier, in his life time, instituted an action of assumpsit against French for money had and received. Subsequently, the declaration was amended by filing two special counts. The first alleges, in substance, that French promised in consideration that Frazier would place in his hands divers notes and accounts, which he held on various persons, payable in notes on the Bank of the Commonwealth, that he, French, would collect the same and pay over the amount when collected. The count then avers, that the plaintiff did place his notes and accounts in the defendant’s hands, and that the defendant collected $300, in notes on the Bank of the Commonwealth, worth $300 in specie ; yet the deant had failed to pay over either the Commonwealth’s Bank notes, when collected, or their value. The second special count, in substance, avers that the defendant agreed with the plaintiff that if he would place in defendant’s bands divers notes and accounts due by divers individuals, and payable to plaintiff in notes of the Bank of the Commonwealth, that he, the defendant, would collect them, and after paying himself the amount of $ , which the defendant had paid, or was bound to pay, as the surety of the plaintiff, that lie, the defendant, would then pay over to the plaintiff whatever amount should remain in his hands after paying the suretyship as aforesaid. The count concludes by avering that, in consideration of the defendant’s said undertaking, the plaintiff placed in the defendant’s hands for collection, as aforesaid, divers notes arid accounts, on divers individuals, amounting to $ , which notes and accounts,-or some of them, were by said individuals paid over to the defendant in notes on the Bank of the Commonwealth, and received by said defendant to a large amount, viz : $ ; and the plaintiff avers that said $ , in notes, were worth $ .in specie, and the plaintiff further avers, that the *426 debt for which the defendant was bound, as surety, as aforesaid, was by the plaintiff paid off and discharged on the day of , without the appropriation of said notes and accounts so collected by the defendant ; vet the defendant hath not paid to the .plaintiff said bank notes or their value &o.
At the June term, 1829, the defendant filed the plea of non assumpsit, and the plaintiff his rejoinder; --and it was agreed on the record, that any thing might be given in evidence upon the trial of this issue that would be admissible under any legal plea.
At the February term, 1830, the death of the plaintiff was suggested, and an order made reviving the suit in the name of George Bayne, senior, as the administrator.
At the June term, 1830, the record statesthafc * the parties came &c. and, on motion of George Bayne, ■administrator &c.’ a scire facias is awarded him to renew this suit 'in his name, as administrator &c.” A scire facias issued, bearing da’te the 20th Aug. 1830, returnable to the next 'September term, and was executed on the 28th of August, 1830.
At tiie September term, it seems that the cause was continued. At the March term, 1881, the defendant moved to quash the scire facias. The court Overruled the motion. Thereupon, the defendant offered to file three pleas, which, being objected to by the plaintiff, the court rejected the first and second pleas and would not suffer them to he filed ; but permitted the third plea to he filed. The first jilea was, in substance, that Bayne was not the-Administrator of Frazier. The second pica was, in substance, that Frazier had not departed this life. The third plea was nul tiel record. There is a fourth plea spoken of as having been filed at the March term, 1831, but no such plea is copied in the record before us, and we know not its contents.
A trial took place, which resulted in a verdict and judgment for $70 in favor of Bayne ; to reverse which, the writ of error is prosecuted. Seventeen errors are assigned, and the record contains ten bills of exception. We deem it unnecessary to enter into a minute investigation of each assignment of error, or to notice every thing which took jilace in the cir *427 cutí coart which cannot be sustained. We shall briefly point out some errors for which the judgmeat must he reversed, and Jay down the principles which, on another trial, will probably dispose of the cause without difficulty.
Plea to sebx facias to re-^méofplnin.. ti if, ns adm’r, that he was ' "°od bar*'’ p.e„ to same, that original' 'vas ■ o‘0,l(} ‘ femlant not estopped by poTgrTnted bj county court, nor by "Circuit court. Jud?ment on scire 'f™ oT a°ai nst administra"3-' tor.
We think the scire facias sufficient, and' that the. court did not err in refusing to quash it, VI e are also of opinion, that the judgment of the court upon the plea of mil tiel record was correct.
The court erred in rejecting the pleas Nos. 1 and 2 offered by the defendant. He was required by the scire facias to appear to shew cause.,’if any could be shewn, why Bayne, as administrator, should not sustain the action against him. If Bayne was not administrator, as alleged in plea No.. 1, that was a compíete bar to his prosecuting a suit in his name which. had been instituted by Frazier. If Frazier was still alive, as averred in plea No 2', he could have no administrator, and a grant of letters of administration would, in that event, be void: Nor would French be estopped; by the record of the county court granting the letters of administration,.to deny the death of Frazier. As we perceive no objection to the form of these pleas, and as they constituted, if true, legal causes why Bayne, as administrator, should not proceed with the suit instituted by Frazier, they ought not to have- been rejected. They were not pleas in abatement; hence there was 110 reason for rejecting them because they were not verifled' by oath. '
The court may have acted upon the opinion, that the order of February, 1830, reviving the suit in the name of Bayne, as administrator, was conclusive upon French, and that he could not deny Bayne’s character, as administrator, in pleading to the scire facias. Such a view of the case cannot he sustained, because, for any thing appearing to the contrary, the order of February, 1830, was ex parte. It does not appear that French assented to it. If it was obligatory, there was no necessity for a scire fucias to re? vive.
Frazier having died before interlocutory or final j udgment, according to the suggestion made on me *428 ord, his administrator was entitled to a scire facias against- the defendant in the action, as provided for in the 5th section of an act passed in 1801. See II Litt. Laws, 441. The object of the scire facias, as the section shews, is to summon the defendant to shew cause why the action should not be sustained in the name of the administrator. The rules and regulations governing such a scire facias are the same as those applicable to the ease of a scire facias after an interlocutory judgment. The rules and regulations thus referred to and adopted, may be seen, in Tidd’s Practice, 1168, 69 and 70, from which it will appear that the judgment ultimately to be rendered, must be for or against the administrator, and hence whatever will shew that there is no administrator, or that he ought not to recover, is a good-defence to the scire facias.
The new parties in < r-iuo - ed'■ scire facias yi.i t -a b >t one suit an.i one trial should be had. The defendant may make now defence, but he is not preolude . .‘rom the d,.fence relied .n by deoedant. Proper to try-all tire issues •at ouco.
Upon the calling of the cause for trial, the plaintiff below, now defendant in error, moved the court to have the jury sworn to try the issue formed upon the plea of non assumpsit, filed by French in June, 1829, when it may he presumed Frazier was living. To this French objected, but the court overruled his objections, and the jury were accordingly sworn to try that issue. If the plea of non assumpsit could be considered as properly remaining in the cause after the death of Frazier, we think the court acted Correctly in not suffering a trial upon the scire facias, and then another upon the original pleadings. The object of the scire facias is to substitute a new plaintiff in the place of him who has died, it properly opens the door to let in any new defence which the defendant can assert against the new plaintiff, hut we see no reason why it should deprive the defendant of the defence originally relied on against the action, or why it should become necessary to have two trials instead of one.
Under the statute of 1801, although a new party is. introduced, it is but one suit, and there should be but one trial. As, therefore, the defendant, now plaintiff in error, did not ask leave to withdraw his plea of non assumpsit, we regard it as properly in the cause, and think tiie court acted correctly in having the jury sworn to try all the issues at once.
Quantum meruit m ervic.-s, ciidetice of whnt A charges nut competent; lor vhnt. qualified pers-ns can be procured fo perform them the inquiry.
Jury sworn tó tn an issue or issues embracing entire declaration, not erroneous' f <r o nirt to refuse to instruct the. ju-; ry to disregard counts that may be faulty, there being such . bases laid as will sustain a general verdict and judgment .
The evidence of Henry Radford, proving that he was in tiie habit of collecting money upon commission, and that he was in the habit of charging from C to 10 per. cent on the amount collected, ought to have been excluded from the jury. If the question was how much French ought.to have been allowed by way of compensation for collecting tise notes and accounts put into his hands by Frazier, the inquiry should have been directed to the value of the services rendered by him. V\ e cannot perceive any criterion to reach that value growing out of Radford’s habits. He may be in the habit of charging too much or too little. The question in such cases must be decided by inquiring at what prices or commissions can competent collectors be procured, and not the particular practices of any individual.
We think the court correctly refused to instruct the jury to disregard the two special counts of the declaration. Alter a jury is sworn to try an issue or issues which embrace all the counts of a declaration, if a verdict being found upon any count supposed to be faulty, and a judgment thereon would be preserved under the operation of our statutes of jeofails, we think the jury should not be instructed to disregard sucli count; because if they were to act upon it and decide in the plaintiff’s favour, such decision would be sustained by law. Whenever the foundation is laid upon which an available verdict and judgment can rest, it ought not to be disturbed, when, by doing so, unnecessary costs and trouble, if not injustice, beyond remedy, might be the consequence.
The special counts objected to, do not describe the notes and accounts placed in the hands of French with precision. They are spoken of in general terms. It was not essential to be more particular, because it is the Bank notes collected upon them with which the defendant is charged, and for which he is held responsible. The failure to fill up the blanks in the second special count is not a sufficient reason why that count should have been disregarded on motion. The finding of-the jury would, have rendered the amount certain.
Irrelevant evidence not ndmissi ble, but whatever conduces to show the claim sued on had been settled is relevant, and should go (o the jury.
In the progress of the-tria!, the defendant Freno!» gave in evidence the record of an action instituted by him against Frazier, and a schedule given by Frazier in April, 1827, he having then taken the oath of an insolvent, and surrendered said schedule in order to obtain a discharge from custody. It seems that this schedule was subsequent to the delivery of the notes and accounts by Frazier to French, the money collected on which constitutes the subject of the present controversy. In the schedule no mention is- made of the notes and accounts delivered to French, or of any claim against French for the money collected, or to be collected upon them. The plaintiff in the circuit court, moved to exclude' all this evidence from the jury. The court overruled the motion, but instructed the jury that the evidence thus given could not, in any way, lessen the damages, or show that the plaintiff had no right to maintain his action. To the instruction so given, French excepted. If the evidence could neither lessen the damages, nor tend to defeat, the action, it was irrelevant and ought to have been excluded. But wc think it was relevant, and that the court erred in its instructions. The omission to mention the claim or demand asserted in this suit in the schedule, which seems to have set out Frazier’s chose? in action with much particularity, is ti circumstance from which the jury might have inferred that the claim or demand now set up, had been settled. It is not conclusive, we admit, but then the jury were' the proper judges of its weight, under all the evidence and circumstances connected with the cause.
In the progress of the trial, the defendant below gave evidence, as the record states, conducing to show that the money which he had collected upon the notes and accounts put into his hands, had been received by him more than five years before the institution of this suit. The plaintiff below proved by two witnesses, that French acknowledged before arbitrators, the collection of a large portion of the notes and accounts placed in his hands by Frazier, and produced an account by way of set-off, which was rejected by the arbitrators. Upon this state of the proof, French moved the court to instruct the *431 jurv “that the plaintiff is barred by the statute of limitations, unless he has proved a cause of action arising within five years before the commencement of this suit, or has proved an express promise to pay the plaintiff his claim, or some part thereof, within five vears before the commencement of the action, and that the testimony of Woolfolk and Carpenter, (the two witnesses alluded to) does not take the cause out of the statute of limitations.” We think this instruction substantially correct, and ought'to have heen given. It is supported bv the cases of Bell vs. Rowland’s administrators, Hardin 301, and Harrison vs. Handlev, I Bibb, 444, ant! a train of subsequent adjudications. No witness proves an express promise to pav, or an express acknowledgement of a subsisting debt as a debt then due, within five vears next before the institution of the suit. Woolfolk savs that French denied that he was indebted, and Carpenter does not recollect any admission of indebtedness.
To escape u>o there" must’bo proof of a pa°™je0r° p£pr acfn Icnowledgea va(b-b^vUiUn^ five years,
^f1" competent to prove the a raay p’ro“e facts connect-e(1 wphanfi . oTTnci(lent°to a record,
There are various questions made relative to the admissibility of testimony relating to records or to facts growing out of records, when the records themselves were not produced. We shall not notice these matters further than to say, that we regard the correct rule to be this: Witnesses cannot speak of the contents of a record, because these are best demonstrated by the exhibition of the record itself; but witnesses may speak of a fact connected with the record, and which exists as a consequence of the record without producing it. To illustrate by example, if A pays B $100, it may be paid in discharge of a judgment, or it may be paid for the purchase of property. If the first, then the payment is a consequence growing out of the existence of the ment and is connected with it; if thelatter then the payment is wholly unconnected with any record, Now, if it becomes important to enquire why the money was paid, and on what account, it would be competent to prove by a witness that it was paid in discharge of a judgment without producing it, and thus far the witness might speak of the record. It was not proper that the witness, Wright, should prove how an execution was endorsed* because that- *432 could have been proven with absolute certainty by tiie production of the record, the better evidence; but we see no reason why he should have been prevented from proving that notes on the Bank of the Commonwealth had been received in discharge of an execution against Brown, and paid over to French. These were facts growing out of the record, but not necessarily to he verified by it; for if the execution had not been endorsed, that Bank notes might be received in discharge of it, still the officer may have taken them in satisfaction, and the execution plaintiff may thereafter have accepted them from the officer. We think it would have been competent to show these facts by a witness, if the record had been produced, and there had been no endorsement on the execution, and hence.the facts can lie proved without the record. Attention to the rule prescribed will enable the court, on another trial, to settle all the points under this head, without difficulty.
Admimstmt'<>o <rranted prima facie evidence of i Upstate’s driilli; i‘ ones-tinned, oraiesj upon assailant.
Monroe, for plaintiff; Richardson, for defendant.
We regard the grant of letters of administration by the county court, as prima facie evidence of the death of the party, and that an administrator has been legally appointed. If the act of the county court. is impeached, the burden of proof lies on the assailant to show its invalidity.
The judgment of the circuit court is reversed and set aside, and the cause remanded for a new trial.
The plaintiff in error must recover his costs.